IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Terrence Arnez Daniels, | ) | C/A No. 5:05-3296-CMC |
| | ) | Cr. No. 5:01-736 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a *pro se* federal inmate who has filed a motion entitled "Motion for Relief from Judgement [sic], Order or Reconsideration Pursuant to Federal Rules [sic] of Civil Procedure 60(b)(4)."

The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether post-judgment motions are, in reality, second or successive petitions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). *See also Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207. Petitioner previously filed a motion pursuant to § 2255 in this court, which was dismissed as untimely. *See* D.S.C. C/A No. 5:04-21852-CMC. Petitioner's current motion seeks relief due to alleged ineffective assistance of counsel at sentencing. Petitioner's current allegations relate to "the validity of the underlying criminal judgment and do not suggest that [Petitioner] was denied a fair opportunity to seek relief through § 2255." *Winestock*, 340 F.3d at 208. In light of the successive nature of this motion, the court is without jurisdiction to consider Petitioner's claims.

The court is cognizant of the Fourth Circuit's directive that notice be provided to a Petitioner of the court's intent "to convert[ ] a prisoner's mislabeled or unlabeled post-conviction motion into the movant's *first* § 2255 motion . . . ." *United States v. Emmanuel*, 288 F.3d 644, 646 (4th Cir. 2002) (emphasis added). Though the *Emmanuel* court did find that a district court must provide notice before construing a mislabeled prisoner filing as a § 2255 petition, *see id.* at 649-50, the court also declared such notice unnecessary if no potential adverse consequences occur to the prisoner as a result. *See id.* In this case, Petitioner is barred from bringing these claims because they are successive; therefore, no adverse consequences befall him if this court construes the motion as a successive petition under § 2255.

Additionally, Petitioner's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court would be fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.[1]

---

[1]If Petitioner's claims were not successive in nature, this court would find this motion, like Petitioner's previous § 2255 motion, to be an untimely petition. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

**IT IS THEREFORE ORDERED** that this petition is dismissed as this court is without jurisdiction to consider it.

---

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a Petitioner must file an application for relief under § 2255 within one year of his conviction becoming final. A defendant's conviction becomes final when the United States Supreme Court takes action on a petition for writ of certiorari or the time expires for filing a petition for a writ of certiorari contesting an appellate court's affirmance of the conviction. *See Clay v. United States*, 537 U.S. 522 (2003).

Petitioner's conviction became final in 2002. The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. Petitioner has presented no evidence that would lead this court to consider this matter appropriate for an application of equitable tolling.

3

**IT IS SO ORDERED**.


                                    s/ Cameron McGowan Currie
                                    CAMERON McGOWAN CURRIE
                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 1, 2005


C:\temp\notesFFF692\05-3296 Terrence Arnez Daniels v. USA e dismissing as successive.wpd

4